UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                        Plaintiff,<br><br>v.<br><br>QUENTIN MICHAEL RAY LEE,<br><br>                       Defendant. | Case No.:  21-CR-00070-DMS-1<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)(i)** |

Pending before the Court is Defendant Quentin Michael Ray Lee's *Pro Se* Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A)(i). (ECF No. 61.) Defendant asks the Court to reduce his sentence to time-served, followed by supervised release with special conditions for drug or alcohol abuse health treatment. (*Id.* at 11.) The government opposes Defendant's motion. (ECF No. 68.) For the reasons stated below, the Court denies Defendant's motion.

## I.

## BACKGROUND

On September 3, 2021, Defendant pled guilty to distribution of 55 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1). (ECF No. 71.)  On June 13, 2022, this Court sentenced Defendant to 72 months imprisonment followed by 4 years of

1

supervised release. (ECF No. 60.) On September 21, 2023, Defendant filed the present motion. (ECF No. 61.) Defendant is presently confined at Federal Correctional Institution Sheridan ("FCI Sheridan"), and as of the filing of this motion, had served approximately 45 months (or 62%) of his 72-month sentence.

## II.

## DISCUSSION

In general, a court may not modify a sentence of incarceration once it has been imposed, unless expressly permitted by Rule 35 of the Federal Rules of Criminal Procedure or by statute. *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003). The First Step Act ("FSA") is such a statute. *See* Pub L. 115-391, 132 Stat. 5194, 5239 (2018). Among the criminal justice reforms implemented by the FSA, Congress amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to move a district court for compassionate release after exhausting administrative remedies under the BOP process.

The FSA allows a district court to modify a sentence and grant compassionate release if it finds that "extraordinary and compelling reasons" under United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13 warrant a sentence reduction, and the reduction complies with the sentencing factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A). As the movant, Defendant bears the burden of establishing that he is eligible for a sentence reduction. *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016). District courts have discretion to determine whether "extraordinary and compelling reasons" exist under the Sentencing Guidelines as the guidelines are not binding. *See United States v. Aruda*, 993 F.3d 797 (9th Cir. 2021). Nevertheless, the circumstances identified in § 1B1.13 of the guidelines relating to age, health, family circumstances and other matters, inform the district court's decision whether conditions affecting a particular defendant may be sufficiently extraordinary and compelling to warrant relief under the FSA. *See id.*

### I.    Exhaustion of Administrative Rights

A defendant may seek compassionate relief from a court only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to

bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).  On August 10, 2023, Defendant filed a request for compassionate release based on family circumstances and lack of rehabilitative resources at FCI Sheridan. (Defendant's Motion for Sentence Reduction ("Def. Mot."), ECF No. 61 at 10.)  The BOP failed to respond to Defendant's request within thirty days, therefore, Defendant contends he has exhausted his administrative remedies.  (*Id.*)

The government disagrees.  (Government's Opposition to Defendant's Motion ("Govt. Opp'n"), ECF No. 68, at 4.)  The government argues that Defendant's request to the BOP lacked specificity to "put the BOP on notice of the merits of his request."  (*Id.* at 5).  The Defendant's request to the Warden stated the following: "I want to request 3582(c)(1)(A) reduction in sentence for" "COVID-19," "conditions of confinement," "medical/psych," "family circumstances," "sentencing changes," and "time served."" (Def. Mot. at 17.)  "Exhaustion requires that the request *identify* the reasons a defendant intends to rely on."   *United States v.* Escobar, 2021 WL 364163 at *2 (emphasis added).  The Court finds that Defendant properly identified the following reasons: "COVID-19," "conditions of confinement," "medical/psych," family circumstances," "sentencing changes," and "time served." (Def. Mot. at 17).  Defendant sufficiently filled the minimal text space allotted to him with the bases for his motion (*id.*)  Thus, the Court finds that Defendant has exhausted his administrative rights and will now address the subject motion.

A. <u>Extraordinary and Compelling Reasons</u>

Defendant contends five extraordinary and compelling reasons exist which merit a sentence reduction: conditions of confinement during the Covid-19 pandemic; lack of sufficient medical treatment; lack of sufficient mental health treatment; lack of sufficient rehabilitative resources; and family circumstances.

*i.  Conditions of Confinement During the Covid-19 Pandemic*

Defendant contends that the conditions of his confinement during the Covid-19 pandemic "have resulted in a sentence that was more severe than the Court could have

contemplated when it originally sentenced him." (Def. Mot. at 10). Defendant cites lockdowns, curtailment of facility programming and visitation, food shortages, medication shortages, and staff shortages as examples of the types of restrictions imposed during the pandemic. (*Id.*) The court is sympathetic to the hardships of incarceration during the Covid-19 pandemic, but "custodial conditions during the pandemic alone are unlikely to constitute extraordinary and compelling reasons for compassionate relief. *United States v. Perez*, 2022 WL 901552 at *2. Additionally, "general conditions in a prison related to Covid-19, without some circumstance individual to a particular defendant, are not sufficient to reduce the defendant's sentence." *United States v. Willis*, 2022 WL 2625530 at *4 (S.D. Cal. Mar. 22, 2023) (quoting *United States v. Martinez*, 2022 WL 126306, at *4 (S.D. Cal. Jan. 13, 2022). The conditions Defendant cites are not specific to the Defendant and can apply to most, if not all inmates under BOP's supervision. Thus, the difficult conditions at the BOP during the Covid-19 pandemic "do not on their own constitute an extraordinary and compelling reason to reduce [Defendant's] sentence."

### ii. *Medical Treatment*

Defendant claims that the medical department at Sheridan FCI has failed to properly treat his chronic hemorrhoids condition. (Def. Mot. at 12.) Defendant contends that due to short staffing at Sheridan FCI, the medical department substituted his prescribed suboxone strips with sublocade time-release injections. (Def. Mot. at 12.) This switch has "caused infections and serious pain" resulting in "severe damage which now requires a painful surgery to correct." (*Id.*) The Court has sympathy for Defendant's painful condition, but "chronic conditions that can be managed in prison are not a sufficient basis for compassionate release." *United States v. Morales,* 2023 WL 199176 *3 (E.D. Cal. 2023). Upon reviewing the Defendant's lengthy medical records submitted by the government, the Court finds that Defendant is being treated for his condition. (Govt. Opp'n, Exhibit 2). It appears that Defendant has been prescribed multiple medications to alleviate pain and discomfort caused by his chronic condition. (*Id.* at 3, 4). Defendant's medical records also indicate that Defendant is scheduled for surgery on December 6, 2023.

(*Id.* at 1).  The medical records make clear that the BOP is tending to Defendant's condition and Defendant's request for an alternative form of treatment does not amount to extraordinary and compelling reasons warranting early release.

### iii. *Mental Health Treatment*

Defendant asserts that Sheridan FCI has failed to provide sufficient mental health treatment.  (Def. Mot. at 13.)  Specifically, Defendant claims that the only mental health treatment available is "Suicide Watch and the prescription of antidepressant medication." (Def. Mot. at 13.)  The Court commends Defendant's commitment to mental health treatment and his medical records reflect that he is receiving treatment in custody.  (Gov. Opp, Exhibit 2, 3).  The medical records seem to indicate that Defendant receives counseling services and has been prescribed antidepressant medication.  (*Id.*)  The Court finds that Defendant's request for additional or alternative forms of mental health treatment do not constitute extraordinary and compelling reasons to grant Defendant's motion for early release.

### iv. *Rehabilitative Resources*

Defendant contends that the BOP has failed to provide him mental health, drug, and correctional treatment.  (Def.'s Mot. at 12.)  Defendant states that he has been denied classes "specifically requested by the Court when he was issued his sentence."  (*Id.*) Defendant claims that he likely will not begin the RDAP class until 2024 as the BOP prioritizes spots in those classes for "inmates closer to release" and there are limited spots as a result of "short staffing" and "Covid-19 conditions."  (*Id.*)  On September 30, 2023, however, Defendant acknowledged that he was only "weeks away" from beginning the RDAP course.  (Amendment to Defendant's Motion ("Amend. Def. Mot."), ECF No. 67, at 1.)  The Court hopes Defendant has begun or will begin treatment shortly, but the Court must reject Defendant's argument for two reasons.  First, courts lack authority to compel the BOP to place defendants in particular programs, *Downey v. Crabtree*, 100 F.3d 662, 670 (9th Cir. 1996), as the BOP is afforded "broad discretion" in managing its facilities and inmates.  *Id.*  Officials at FCI Sheridan, therefore, have discretion to use limited staffing

resources to best serve their inmate population. Second, a delay or lack of participation in a rehabilitative program does not constitute extraordinary and compelling reasons for compassionate relief. *United States v. Casas*, 2021 WL 5359363 at *5 (S.D. Cal. Nov. 17, 2021). While it is unfortunate that FCI Sheridan is short-staffed and currently offers only a limited number of programs to its inmates, this is not unique to Defendant, therefore, the Court finds that it is not an extraordinary and compelling reason that warrants early release.

   *iv.* *Family Circumstances*

  A court may consider family circumstances, including "[t]he death or incapacitation of the caregiver of defendant's minor child or minor children[,]" as an extraordinary and compelling reason warranting sentence reduction. U.S.S.G. § 1B1.13, cmt. n.1(C)(i). Defendant asserts his mother who had temporary guardianship of his 12-year-old daughter has been diagnosed with liver failure and was unable to work or provide for herself and Defendant's daughter. (Def. Mot. at 12). On October 2, 2023, however, Defendant informed the Court that his mother had since passed away. (Defendant's Amended Motion for Sentence Reduction ("Def. Amend. Mot."), ECF No. 67 at 1). Defendant further claims that his mother "was the sole guardian" of his daughter, therefore, he asks the Court to release him so that he can "get custody of [his] daughter preventing her from entering into the foster care system." (*Id.*)

  The Court is sympathetic to the passing of Defendant's mother, however, as the government notes, (Govt. Opp'n at 9) it is not clear that Defendant's mother was the "only available caregiver" for his daughter. To warrant a sentence reduction, Defendant must "make a robust evidentiary showing that Defendant is the only available caregiver." *United States v. Bragg*, 2021 WL 662269 at *2 (S.D. Cal. Feb. 19, 2021). The record reflects that there may be other available family caregivers for Defendant's daughter. Defendant's Presentence Report from January 2022 identifies other members of Defendant's family, including the mother of Defendant's daughter who was reportedly granted legal custody of Defendant's daughter in 2014. (ECF No. 55, PSR ¶ 50, 55.) The Presentence Report also mentions other family members of the Defendant including Defendant's two siblings and

three paternal half-siblings.  (*Id.* at ¶ 50, 51.)  Defendant has failed to show that he is the "only caregiver" for his daughter.

Additionally, Defendant fails to make a showing that if released, he would be granted custody of his daughter as a suitable caregiver.  In *United States v. Johnson*, 2020 WL 6075867 at *5 (E.D. Cal. Oct. 15, 2020), the court questioned whether the defendant would be granted custody over his child as the defendant had a long criminal history and substance abuse issues.  Similarly, Defendant has an extensive criminal history and admittedly suffers from substance abuse issues.  (PSR ¶ 29-46, 66-67, 69).  Defendant also admits that he has "never been that close to having custody of [his] daughter. . .."  (ECF No. 65 at 16-17.) Defendant has failed to show that he would be granted custody of his daughter if this Court grants Defendant's motion.  Thus, this Court finds that Defendant has not met his burden of proving extraordinary and compelling reasons warranting a sentence reduction.

    *v.*    <u>§ 3553 Factors</u>

In determining whether to grant a sentence reduction, the Court must also consider "the factors set forth in section 3553(a) to the extent that they are applicable."  18 U.S.C. § 3582(c)(1)(A).  When this Court originally sentenced Defendant, it carefully considered the § 3553(a) factors, and it does so again on the present motion.

Section 3553(a) provides that the sentencing court must impose a sentence that is "sufficient, but not greater than necessary … (A) to reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."  *Id.* § 3553(a)(2)(A)–(D).  The sentencing court also must consider, among other factors, "the nature and circumstances of the offense and the history and characteristics of the defendant" and the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."  *Id.* §§ 3553(a)(1), (6).  In

addition, courts take into consideration post-sentencing rehabilitation.  *Pepper v. United States*, 562 U.S. 476, 490 (2011); *Lizarraras-Chacon*, 14 F.4th 961, 967 (9th Cir. 2021).

The government contends the § 3553 factors counsel against early release.  The Court agrees.  Defendant has an extensive criminal record with multiple state convictions including possession of a controlled substance, possession of unlawful paraphernalia, burglary, and vehicle theft. (ECF No. 55 at 7-9).  Defendant was convicted in the present case for distributing methamphetamine, a dangerous controlled substance, which puts the community at risk.  The sentence originally imposed by the Court reflects the seriousness of the crime, promotes respect for law, provides just punishment, deters criminal conduct, and protects the public from further crimes.  *See* 18 U.S.C. § 3553(a)(2)(A)–(C).  For a repeat drug offender, the sentence imposed on Defendant was sufficient but not greater than necessary.  The Court imposed rehabilitative treatment and understands that as of September 20, 2023, Defendant was "weeks away from starting the RDAP Program." (Def. Amended Mot. at 1).  The Court hopes that Defendant has begun treatment and is on the road to recovery, but on balance, the § 3553 factors weigh against early release and support the Court's underlying sentence.  Defendant's family circumstances and challenges in obtaining BOP programming are unfortunate, but they are not sufficient under the § 3553(a) factors to warrant a sentence reduction.

### III.

### CONCLUSION AND ORDER

For the foregoing reasons, Defendant's motion is denied.

**IT IS SO ORDERED.**

Dated:  October 30, 2023

Hon. Dana M. Sabraw, Chief Judge
United States District Court